# In the United States Court of Federal Claims
**OFFICE OF SPECIAL MASTERS**
No. 21-0667V

| | |
|---|---|
| ERIN ELLIOTT,<br><br>               Petitioner,<br>v.<br><br>SECRETARY OF HEALTH AND<br>HUMAN SERVICES,<br><br>               Respondent. | Chief Special Master Corcoran<br><br>Filed: March 19, 2025 |

*Jessi Carin Huff*, Maglio Christopher & Toale (WA), Washington, DC, for Petitioner.

*Madelyn Weeks*, U.S. Department of Justice, Washington, DC, for Respondent.

### DECISION ON ATTORNEY'S FEES AND COSTS[1]

On January 12, 2021, Erin Elliott filed a petition for compensation under the National Vaccine Injury Compensation Program, 42 U.S.C. §300aa-10, *et seq.*[2] (the "Vaccine Act"). Petitioner alleged that she suffered a shoulder injury related to vaccine administration ("SIRVA") resulting from an influenza vaccine received on October 15, 2019. Petition at 1-4.

The case was dismissed, and Petitioner has now moved for a final award of fees. However, for the reasons set forth below, I find that Petitioner has failed to establish reasonable basis in this claim. Thus, she is not entitled to an award of attorney's fees and costs, and the fees motion is denied.

---

[1] Because this Decision contains a reasoned explanation for the action taken in this case, it must be made publicly accessible and will be posted on the United States Court of Federal Claims' website, and/or at https://www.govinfo.gov/app/collection/uscourts/national/cofc, in accordance with the E-Government Act of 2002. 44 U.S.C. § 3501 note (2018) (Federal Management and Promotion of Electronic Government Services). **This means the Decision will be available to anyone with access to the internet.** In accordance with Vaccine Rule 18(b), Petitioner has 14 days to identify and move to redact medical or other information, the disclosure of which would constitute an unwarranted invasion of privacy. If, upon review, I agree that the identified material fits within this definition, I will redact such material from public access.

[2] National Childhood Vaccine Injury Act of 1986, Pub. L. No. 99-660, 100 Stat. 3755. Hereinafter, for ease of citation, all section references to the Vaccine Act will be to the pertinent subparagraph of 42 U.S.C. § 300aa (2018).

### I. Relevant Procedural History

Approximately two years after the Petition's initiation, Respondent filed a Rule 4(c) Report opposing compensation. ECF No. 31. Respondent argued Petitioner was unable to establish the pain onset required for a Table SIRVA, or six-months sequalae required for both Table and non-Table claims. Rule 4(c) Report at 8; *see* 42 C.F.R. § 100.3(a) XIV.B. (2017) (influenza vaccination); 42 C.F.R. § 100.3(c)(10)(ii) (required onset for pain listed in the QAI); Section 11(c)(1)(D)(i) (severity requirement). He observed "that contemporaneous medical records reflect slightly over one month of post-vaccination sequelae and are not sufficient to meet the six-month requirement." *Id.*

In response, Petitioner filed a motion requesting a decision dismissing his case. ECF No. 33. Petitioner's motion was granted, and her case was dismissed on April 13, 2023 (ECF No. 34), and Judgment entered on April 19, 2023 (ECF No. 37).

On December 19, 2023, Petitioner filed a request for an award of $40,875.16 in attorney's fees and costs. Petitioner's Application for Attorneys' Fees and Costs ("Motion") at 2, ECF No. 44. Petitioner did not address the requirements of good faith and reasonable basis, and provided no additional information regarding the merits of his case and reason for the requested dismissal.

Respondent reacted to the fees motion on December 22, 2023, arguing that "[P]etitioner is not entitled to an award of fees and costs, and the Motion should be denied." Respondent's Response to Motion at 2, ECF No. 47. Emphasizing Petitioner's lack of treatment beyond one month post-vaccination, despite seeking treatment for other conditions, Respondent contends that "it is clear that petitioner has not established a reasonable basis for her petition because she has failed to provide sufficient evidence demonstrating that she experienced the residual effects of her alleged injury for greater than six months or otherwise met the requirements set forth in [Section] 11(c)(1)(D)(i)." *Id.* at 9; *see* Section 15(e)(1) (requirements of good faith and reasonable basis which must be met before a fees award is made in non-compensated vaccine cases).

The same day, Petitioner provided a reply, insisting that a fees award in the amount requested is appropriate in this case. Petitioner's Reply to Response at 8, filed Dec. 22, 2023, ECF No. 48. Seeming to acknowledge that the medical records do not contain evidence of six-month sequelae, Petitioner nevertheless argued that the witness statements filed in this case, viewed in conjunction with the information contained in the medical records and events occurring at that time (primarily the birth of her child and worldwide COVID Pandemic), are sufficient to meet the reasonable basis standard. *Id.* at 2-3, 6-7. She cites case law supporting the premise that the omission of symptom

complaints from contemporaneously created medical records does not constitute definitive evidence that the symptoms did not occur. *Id.* at 3-5.

## II. Applicable Legal Standards

Motivated by a desire to ensure that petitioners have adequate assistance from counsel when pursuing their claims, Congress determined that attorney's fees and costs may be awarded even in unsuccessful claims. H.R. REP. NO. 99-908, at 22 *reprinted in* 1986 U.S.C.C.A.N. 6344, 6363; *see also Sebelius v. Cloer*, 133 S.Ct. 1886, 1895 (2013) (discussing this goal when determining that attorneys' fees and costs may be awarded even when the petition was untimely filed). This is consistent with the fact that "the Vaccine Program employs a liberal fee-shifting scheme." *Davis v. Sec'y of Health & Hum. Servs.*, 105 Fed. Cl. 627, 634 (2012). Indeed, it may be the only federal fee-shifting statute that permits *unsuccessful* litigants to recover fees and costs.

However, Congress did not intend that *every* losing petition be automatically entitled to attorney's fees. *Perreira v. Sec'y of Health & Hum. Servs.*, 33 F.3d 1375, 1377 (Fed. Cir. 1994). And there is also a prerequisite to even obtaining fees in an unsuccessful case. The special master or court may award attorney's fees and costs to an unsuccessful claimant only if "the petition was brought in good faith and there was a reasonable basis for the claim for which the petition was brought." Section 15(e)(1). Reasonable basis is a prerequisite to a fee award for unsuccessful cases – but establishing it does not automatically *require* an award, as special masters are still empowered by the Act to deny or limit fees. *James-Cornelius on behalf of E. J. v. Sec'y of Health & Hum. Servs.*, 984 F.3d 1374, 1379 (Fed. Cir. 2021) ("even when these two requirements are satisfied, a special master retains discretion to grant or deny attorneys' fees").

As the Federal Circuit has explained, whether a discretionary fees award is appropriate involves two distinct inquiries, but only reasonable basis is at issue herein.[3] Reasonable basis is deemed "an objective test, satisfied through objective evidence." *Cottingham v. Sec'y of Health & Hum. Servs.*, 971 F.3d 1337, 1344 (Fed. Cir. 2020) ("Cottingham I"). "The reasonable basis requirement examines "not at the likelihood of success [of a claim] but more to the feasibility of the claim." *Turner*, 2007 WL 4410030, at *6 (quoting *Di Roma v. Sec'y of Health & Hum. Servs.,* No. 90-3277V, 1993 WL 496981, at *1 (Fed. Cl. Spec. Mstr. Nov. 18, 1993)). The Federal Circuit recently explained "that a

---

[3] Claimants must also establish that the petition was brought in good faith. *Simmons v. Sec'y of Health & Hum. Servs.*, 875 F.3d 632, 635 (Fed. Cir. 2017) (quoting *Chuisano v. Sec'y of Health & Hum. Servs.*, 116 Fed. Cl. 276, 289 (2014)). "[T]he 'good faith' requirement . . . focuses upon whether petitioner honestly believed he had a legitimate claim for compensation." *Turner v. Sec'y of Health & Hum. Servs.*, No. 99-0544V, 2007 WL 4410030, at *5 (Fed. Cl. Spec. Mstr. Nov. 30, 2007). But good faith is not disputed herein, and I do not ascertain evidence in the record calling it into question.

reasonable basis analysis is limited to objective evidence, and that subjective considerations, such as counsel's subjective views on the adequacy of a complaint, do not factor into a reasonable basis determination." *James-Cornelius*, 984 F.3d at 1379.

Although clearly easier to meet than the preponderant standard required for compensation, "courts have struggled with the nature and quantum of evidence necessary to establish a reasonable basis." *Wirtshafter v. Sec'y of Health & Hum. Servs.,* 155 Fed. Cl. 665, 671 (Fed. Cl. 2021). "[I]t is generally accepted that 'a petitioner must furnish some evidence in support of the claim.'" *Id.* Citing the *prima facie* elements of a successful claim described in Section 11(c)(1), the Federal Circuit recently instructed that the level of the objective evidence sufficient for a special master to find reasonable basis should be "more than a mere scintilla but less than a preponderance of proof." *Cottingham I*, 971 F.3d at 1345-46. "This formulation does not appear to define reasonable basis so much as set its outer bounds." *Cottingham v. Sec'y of Health & Hum. Servs.,* 159 Fed. Cl. 328, 333, (Fed. Cl. 2022) (*"Cottingham II")*, *aff'd without op.*, 2023 WL 754047 (Fed. Cir. Nov. 14, 2023). "[T]he Federal Circuit's statement that a special master 'could' find reasonable basis based upon more than a mere scintilla does not mandate such a finding." *Cottingham II*, 159 Fed. Cl. at 333 (citing *Cottingham I*, 971 F.3d at 1346).

Furthermore, the issue of reasonable basis is not a static inquiry. The reasonable basis which existed when a claim was filed may cease to exist as further evidence is presented. *Perreira*, 33 F.3d at 1377. In *Perreira,* the Federal Circuit affirmed a special master's determination that reasonable basis was lost after Petitioner's "expert opinion, which formed the basis of the claim, was found to be unsupported by either medical literature or studies." *Id.* at 1376.

At issue here, Vaccine Act Section 11(c)(1)(D)(i) requires the establishment of an injury and residual effects lasting for over six months after the date of vaccination. This is a threshold requirement for entitlement. *Black v. Sec'y of Health & Hum. Servs.*, 33 Fed. Cl. 546, 550 (1995) (reasoning that the "potential petitioner" must not only make a *prima facie* case, but clear a jurisdictional threshold, by "submitting supporting documentation which reasonably demonstrates that a special master has jurisdiction to hear the merits of the case"), *aff'd*, 93 F.3d 781 (Fed. Cir. 1996) (internal citations omitted).

### III.    Analysis – Reasonable Basis

Given that she received the vaccine alleged as causal on October 15, 2019, Petitioner needed to establish that she suffered the effects of her injury through April 15, 2020 (assuming an immediate onset as alleged), to satisfy the Vaccine Act's severity requirement. *See* Section 11(c)(1)(D)(i) (requiring six-months sequela).

There is no objective evidence, however, demonstrating that Petitioner's symptoms continued beyond late November 2019, slightly more than one-month post-vaccination. The record instead establishes that from late-October to November 2019, Petitioner sought treatment from an orthopedist on three occasions (Ex. 2 at 6-11); underwent an MRI which revealed mild tendinosis and osteoarthritis, no rotator cuff tear, and small subacromial/subdeltoid bursal effusion (*id.* at 33); and received a steroid injection at her second appointment on November 8, 2019 (*id.* at 6-7). At her last appointment on November 19, 2019, the orthopedist instructed Petitioner (now more than eight months pregnant) to return after giving birth for further treatment, if needed. *Id.* at 4. Thereafter, Petitioner pursued treatment for other conditions in 2020 (specifically February, August, and December), but did not seek further treatment for or complain of any shoulder pain. Ex. 8 at 6-10; Ex. 10 at 4-10. Nor did she mention left shoulder pain during prenatal and post-delivery visits. *See generally,* Ex. 10.

The only evidence supporting Petitioner's claim of continued sequelae are the signed declarations by Petitioner and her husband, created more than two years later (and after this claim's filing as well). Exs. 14-15, filed Feb. 18, 2022, ECF No. 17. In these declarations, they allege that Petitioner continued to experience fluctuating symptoms with several flare-ups when walking the dog and throwing a ball. Ex. 14 at ¶¶ 36-38, 41; Ex. 15 at ¶¶ 15, 18, 21. Petitioner also acknowledged that she obtained further relief beginning in late December 2019, one month after her steroid injection. Ex. 14 at ¶ 35. Petitioner and her husband add that she did not pursue further treatment because she was busy with their newborn child and was concerned about the COVID Pandemic. Ex. 14 at ¶¶ 33. 39, 41; Ex. 15 at ¶¶ 16-17, 20, 22.

Although the reasons Petitioner provided are credible, they are undercut by the fact that she pursued treatment for *other* conditions – both in office and by telephonically, during this time. It is therefore reasonable to infer not only that she had the capacity to seek treatment for her alleged SIRVA, but that she would have done so had she been experiencing additional and/or persistent symptoms. Otherwise, there is no objective evidence in this case establishing that she experienced any sequelae beyond one month post-vaccination. And the signed declarations Petitioner relies upon are not sufficient to establish reasonable basis on their own, and are not corroborated by other objective evidence.

In addition, the fact that counsel may have filed this claim, without all relevant medical records, in anticipation of the planned removal of SIRVA from the Vaccine Table, does not bear on the claim's objective basis, or lack thereof. In *Simmons*, the Federal Circuit clearly held that the pending expiration of the Vaccine Act's statute of limitations would not convey a reasonable basis which would otherwise not exist, and that efforts by an attorney to serve a client's interests in filing a claim quickly, without first some

5

preliminary investigation of the record fact support for the claim, was only relevant to the good faith prong of the test for fees in unsuccessful cases. *Simmons v. Sec'y of Health & Hum. Servs.*, 875 F.3d 632, 635 (Fed. Cir. 2017).

Given the above, the claim was objectively untenable from the outset. This is not a case in which the development of a fact, out of ambiguous records, *later* revealed that a claim that initially appeared viable in fact was not. Under such circumstances, counsel reasonably bears the risk in filing a claim that lacks reasonable basis, and therefore may be appropriately denied a fees award (even if the matter was otherwise pursued in good faith).

## Conclusion

The Vaccine Act permits an award of reasonable attorneys' fees and costs to an unsuccessful litigant only where the litigant establishes the Petition was brought in good faith and there was a reasonable basis for the claim for which the Petition was brought. Section 15(e)(1). But Petitioner has failed to provide evidence establishing there was a reasonable basis for filing his claim. **Petitioner's motion for attorney's fees and costs is therefore <u>DENIED</u>.**

**IT IS SO ORDERED.**

<u>s/Brian H. Corcoran</u>
Brian H. Corcoran
Chief Special Master